UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WELLS & WELLS CONSTRUCTION CO., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 21-098-DCR |
| V. | ) ) ) | |
| JAMISON DEACON, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants State National Insurance Company, Inc. and Next Insurance, Inc. have filed a motion to dismiss the intervening complaint under Federal Rule of Civil Procedure 12(b)(6). They assert that Intervening Plaintiff First Mercury Insurance Company does not have standing to bring an action against them. [Record No. 46] More specifically, the defendants contend that Kentucky does not allow a plaintiff to file a direct action against an insurer until after that party recovers a judgment against the insured defendant. The defendants are correct. The motion to dismiss will be granted because First Mercury cannot request a declaratory judgment until the injured plaintiff secures a judgment against the insured defendant.

I.

Plaintiff Wells & Wells Construction Co. ("Wells") filed this action to recover for property damage due to the alleged improper application of anti-microbial cleaner to chlorinated polyvinyl chloride ("CPVC") piping. The plaintiff asserts that Defendants Jamison Deacon and ARMR Environmental Group, LLC, negligently and carelessly applied the cleaner on the CPVC piping at a project overseen by Wells. [Record No. 1] The anti-microbial cleaner

purportedly compromised and physically damaged the CPVC piping, causing leaks in the sprinkler suppression system and the fire suppression system. Wells alleges that Deacon and ARMR did not determine whether the anti-microbial cleaner was compatible with the CPVC pipe used during the project, and the anti-microbial cleaner was chemically incompatible with the CPVC pipe. After the project was completed, there were reported water leaks in the building, which traced back to the CPVC sprinkler pipes.

An investigation uncovered a crack in the section of the CPVC pipe in the "same general location where Deacon and ARMR applied, painted, coated and/or sprayed [the anti-microbial cleaner] on the exposed interior lumber surfaces." [Record No. 1, p. 9] A forensic analysis "confirmed that the failures were caused by the exposures of the Spears CPVC piping to [the anti-microbial cleaner]. Specifically, the Spears CPVC pipe assembly failed due to Environmental Stress Cracking caused by the negligent acts and/or omission of defendants Deacon and ARMR." [Record No. 1, p. 10]

Wells later repaired the damages and informed Deacon and ARMR that it would seek indemnity for the costs of repairing and replacing the damaged portions of the sprinkler system. But neither Deacon nor ARMR compensated Wells for the damages before this action was instituted. Wells then filed suit, bringing claims for negligence, breach of contract, and indemnity against Deacon and ARMR. [Record No. 1]

Wells also sought a declaratory judgment against State National Insurance Company, Inc. and Next Insurance, Inc., seeking to have the Court declare "that Plaintiff is an additional insured under the policy of insurance issued by State National to ARMR and/or Deacon" and requiring State National to indemnify and hold Wells harmless. [Record No. 1, p. 24] It

appears that Deacon and ARMR are insured by State National and Next Insurance, respectively.

First Mercury Insurance Company sought to intervene in this action because it paid a sum of money to settle a claim on behalf of Wells. It requests subrogation from the defendants for the amount paid. [Record No. 39] The Court granted the motion to intervene. [Record No. 41] The intervening complaint states that Wells made a claim pursuant to its policy based on the negligent acts of ARMR and/or Deacon and First Mercury paid out the claim of $2,068,351.19. [Record No. 42] The intervening plaintiff now seeks repayment from the defendants through its equitable right of subrogation.[1] State National and Next Insurance (collectively, "the insurance company defendants") have now filed a motion to dismiss the intervening complaint for failure to state a claim for which relief could be granted. [Record No. 46]

## II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Generally, the plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).

---

[1] The intervening complaint states that the intervening plaintiff seeks judgment against "Defendants Allstate" who is not a party to the action, instead of referencing any of the defendants that are a party to the action.

### III.

The insurance company defendants contend that the intervening plaintiff fails to state a claim for relief because it lacks standing to sue them. They argue that Kentucky does not allow direct actions against an insurer by an injured party until after the injured plaintiff obtains a judgment against the insured defendant. First Mercury has filed a reply, claiming that it had not made a direct claim against the insurance defendants. Instead, it asserts that coverage should be available under the policy applicable to ARMR.

Kentucky is not a "direct action" jurisdiction. This means that "an injured person has no direct right of action against an insurance company until after a judgment has first been obtained against the insured." *Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009); *Pierson v. Stephanie Hartline & Liberty Mut. Fire Ins. Co.*, No. 2019-CA-1684-MR, 2021 Ky. App. Unpub. LEXIS 361 (Ky. Ct. App. June 4, 2021) ("The prohibition of direct actions against insurers until liability has been established has remained the law in Kentucky."); *Pryor v. Colony Ins.*, 414 S.W.3d 424, 432 (Ky. Ct. App. 2013). " In ordinary circumstances, an injured party must first obtain judgment against the opposing party defendant and then seek enforcement of the judgment rendered in an action against the defendant's indemnitor." *State Auto. Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805, 807-08 (Ky. 1991). "This is because the injured party is not a party or third party beneficiary to the contract between the alleged tortfeasor and his insurance company." *Morgan v. N. Starr Treestands, Inc.*, No. 09-91-GFVT, 2011 U.S. Dist. LEXIS 166531, at *4 (E.D. Ky. May 26, 2011).

This Court has held previously that an alleged tort victim lacked standing to request a declaration of rights against the insurer of the insured defendant until a judgment against that

defendant was rendered. *See Bowden v. Scottsdale Ins. Co.*, No. 07-cv-431-JMH, 2008 U.S. Dist. LEXIS 11140, at *4 (E.D. Ky. Feb. 13, 2008). As the Court explained,

> [a]n injured party without a judgment in hand may wistfully assume that he or she will someday have standing as a putative third-party beneficiary to a contract of insurance between the alleged tortfeasor and his or her alleged insurer, but that injured party's relationship to the alleged tortfeasor and the insurer remains too remote to permit him or her to pursue a declaration of coverage.

*Id*. Additionally, in *Summers v. Scottsdale Indem. Co.*, the Western District of Kentucky concluded that a plaintiff did not have standing to seek indemnity against an insurance company under Kentucky law because she had not yet obtained a judgment against the insured individual who allegedly caused her injury. No. 1:15-CV-00092-GNS-HBB, 2016 U.S. Dist. LEXIS 43391, at *4-5 (W.D. Ky. Mar. 31, 2016). There, the plaintiff argued that she did not need to obtain a judgment against the insured "because she [sought] only a declaratory judgment regarding coverage." *Id*. at *5. But the court concluded that "[s]eeking a declaration that an insurer must indemnify the insured does not establish a case or controversy under Kentucky law." *Id*.

First Mercury contends that it "is not seeking monetary damages from the insurance company defendants. Rather, [it is] seeking [recovery] for the loss sustained as a result of the actions of their insured, ARMR." [Record No. 50, p. 1] It argues that it has "alleged that coverage should be available under the policy applicable to Defendant ARMR." [*Id*.] Specifically, First Mercury seeks a declaration that insurance coverage will be or should be available to the insured defendant if the injured plaintiff secures a judgment against it. [*Id*. at 2.]

This is exactly what the Court in *Bowden* concluded was not allowed. A third party is seeking a declaration that an insurance company must indemnify the injured party, albeit by way of subrogation, if the injured plaintiff secures a judgment against the insured defendant. Kentucky law does not allow direct actions, including requests for declaratory judgments, against the insurance company until *after* the injured party secures a judgment against the insured defendant because the interest in the policy is too remote.

Here, the injured party (Wells) has not yet secured a judgment against Deacon or ARMR. Similar to *Summers* and *Bowden*, Wells must first retain a judgment against the insured defendants before Wells' insurance company may seek a declaratory judgment or monetary remedies for the loss sustained based on the actions of the insured defendants. And while the third-party seeking the declaration is the injured party's insurance carrier and not the injured party itself, the rule requiring an injured party to secure a judgment against the insured logically applies to this situation because the injured party's insurance company also is not party to insurance contract and its interest is too remote. Until there is a judgment against the insured defendant, it is speculative whether the plaintiff, and in turn its insurance carrier, will be able to recover. Accordingly, the intervening complaint will be dismissed.

First Mercury alternatively requests that the Court allow it to amend its complaint to clearly state a cause of action for declaratory judgment. Generally, courts should "freely give leave to amend if justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court should deny a request to amend a complaint if the amendment would be futile. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005).

First Mercury's request to amend its complaint is futile because, until Wells secures a judgment against the insured defendants, its insurance company's request for a declaratory judgment cannot survive a motion to dismiss. *Cf. QBE Ins. Corp. v. Green,* No. 5:14-cv-300-JMH, 2014 U.S. Dist. LEXIS 151415, at *5 (E.D. Ky. Oct. 24, 2014) (explaining that the hopeful intervening plaintiff's request for intervention was futile because there was no standing to bring a request for a declaratory judgment that an insurance company indemnify the injured plaintiff until after the injured party secured a judgment against the insured defendants).

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendants State National Insurance Company, Inc. and Next Insurance, Inc.'s, motion to dismiss [Record No. 46] is **GRANTED**. The intervening complaint is **DISMISSED** against State National Insurance Company, Inc. and Next Insurance, Inc.

Dated: February 15, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky